23  597<br>124  639

MARY F. RAWSON and others, plaintiffs in error, vs. JOHN M. MILLS, et al. defendants in error.

It is competent for a claimant of land, to file a bill in the county where the claim is pending, against parties residing out of the county, to enable him to support his claim, by eliciting proof to show that the judgment is fraudulent as to him and can have no lien on the land.

In Equity, from Gwinnett Superior Court. Decision on demurrer by Judge HAMMOND, at September adjourned Term, 1857.

Charles W. Rawson of Gwinnett county, died in the year 1834, and letters of administration on his estate were granted to his widow, Mary F. Rawson and John Mills, both then of said county.

Afterwards, Mrs. Rawson, with her children, removed to the county of Baker, and in 1849, two of the children having become of age, filed their bill, together with the other children represented by guardian, against their mother as

administratrix and Mills as administrator for an account and settlement of their father's estate. The suit was brought in Baker Superior Court. Mrs. Rawson answered the bill. Mills although served, failed to appear and answer, and the bill as to him was taken *pro confesso.*

At November Term, 1855, the jury rendered a verdict and decree against Mills as administrator for about nineteen hundred dollars, upon which judgment was entered and execution issued.

The *fi. fa.* being transmitted to the Sheriff of Gwinnett county, he levied the same upon certain lands and houses and lots situated in said county, as the property of said Mills. His son, John M. Mills interposed a claim to the property levied upon. Pending this claim, John Mills the father and John M. Mills the son, filed their bill, to enjoin said execution and making the said Mary F. Rawson, and the complainants in the equity cause in Baker, and the Sheriff of Gwinnett county, parties defendants.

Defendants demurred to this bill on the grounds:

1st. That there was no equity therein.

2d. That the bill does not show that the defendants or any of them reside in the county of Gwinnett.

3d. Because the bill is multifarious.

4th. Because, from the bill itself, the Court has no jurisdiction.

After argument, the Court overruled the demurrer, and defendants excepted.

Afterwards, upon motion, the Court granted leave to complainants to amend their bill, by striking out the name of John Mills as complainant and by charging more specifically and clearly complainant, John M. Mills' title to the land and property in controversy, and the grounds and allegations of fraud against the proceedings in Baker and Dougherty

counties, which resulted in the judgment enjoined, and the collusion and fraud in obtaining the same.

To which order defendants excepted.

W. H. HULL, for plaintiffs in error.

C. & W. J. PEEPLES, and SIMMONS, for defendants in error.

*By the Court.*—McDONALD J., delivering the opinion.

We decide this case as it stands now, after the amendment by striking out the name of John Mills as complainant, It is now the bill of John M. Mills seeking no relief beyond an injunction of the execution from proceeding against his land.   He does not seek to disturb the judgment or decree of the Superior Court in the county of Dougherty against John Mills.   The bill has not yet been amended, but the order for that purpose is in the record, and it must be so amended in all its charges and obligations as to make it exclusively the bill of John Mills.   We proceed on the principle, that if the bill, as it was brought, had been submitted to us, we should have felt bound to have overruled the decision of the Court below, so far as it respected the charges in favor of John Mills and the relief sought by him, but to have sustained it, as to the bill of John M. Mills as a defensive measure to protect his land against the operation of a decree obtained, as alleged, surreptitiously.   The complainant wants a discovery of the matters charged against that decree, to be used in support of his claim of the land in Gwinnett county, and to show that the judgment should not operate as a lien against his land.   In other words, that it is fraudulent as to him. This Court in the case of *Carter et al. vs. Jordan adm'r.* 15. *Ga.* 84 and 85, have decided this point.   The case of *Anderson et al. vs. Sego*, 19. *Ga.* 501, relied on by counsel for defendant in error, is not in point in this case.   There, there

was no objection to the judgment and execution, and it was not denied but the land levied on was subject to the lien of the judgment, but it was insisted that there were other assets in the hands of the administrator of the defendant's estate, which ought to have been pursued before his land was levied on.

The claimant sought to bring all the parties from their own counties to the county of Dooly to litigate a new case, and that, one which called for a hearing and a decree to adjust the rights of all the parties.

In the case under consideration, there is no necessity for a hearing or a decree; for the same evidence which would establish the right of the complainant to a perpetual injunction on the equity side of the Court, would entitle him to a verdict in the claim case to-wit: that the judgment or decree in the county of Dougherty had no lien upon his land, owing to the fraudulent circumstances under which it was obtained.

Judgment affirmed.